UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHARLES LEWIS BOBO,                                          6:14-cv-1067-TC

                         Plaintiff,

                                        FINDINGS & RECOMMENDATION
    v.

TULARE COUNTY and KING COUNTY
DISTRICT ATTORNEY,

                        Defendant.

COFFIN, Magistrate Judge:

    Pro se plaintiff, Charles Bobo, brings this action against the Tulare and King County California District Attorneys seeking $2,000,000 for damages allegedly related to garnishment of wages, unemployment and disability benefits for child support. Plaintiff moves to proceed *in forma pauperis* (IFP). A review of plaintiff's application reveals he is unable to afford the costs of litigation and his application (#2) is therefore granted. However, the clerk shall not issue process as the case should be dismissed for lack of jurisdiction.

    The court should dismiss, at the earliest practical time, certain IFP actions that fail to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S.

Page 1 - FINDINGS & RECOMMENDATION

519, 520–21 (1972). The court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Plaintiff alleges as follows:

> Fact of case = You have Tulare County District Attorney took about 150.00 wk State of Calif a total of 50% payroll they took 25% of my unemployment benefit for child support.
> Describe Defendant Involved = Tulare County Dept of Child Support Services passport denial year 2006 state licensing suspension unemployment disability monthly billing statement interest on past due support when the conduct occurred June 28, 1996
> Any injuries suffered as a result = Known.

Complaint (#1) at p. 3 (sic throughout). Plaintiff alleges the same with respect to the King County District Attorney.

Putting aside issues of immunity on the part of defendants, federal courts do not involve themselves with issues of domestic relations. Despite the diversity of the parties, the court lacks diversity jurisdiction over cases involving domestic relations. The domestic relations exception to federal jurisdiction prohibits federal courts from hearing "cases involving the issuance of a divorce, alimony, or child custody decree." Ankenbrandt v. Richards, 504 U.S. 689 (1992). The bar on federal jurisdiction applies to ancillary matters. Kabacinski v. Kabacinski, 2013 WL 6092513 at *2 (D.Del. November 18, 2013.). In this case, plaintiff necessarily challenges the State of California's award of child support which falls within the exception involving child support issues.

Moreover, despite the lack of clarity of any purported violation by defendants, the court is barred from entertaining plaintiff's complaint under the Rooker-Feldman doctrine as well. See, e.g., Redford v. Gwinnett County Judicial Circuit, 350 F. App'x 341, 344–45 (applying Rooker–Feldman jurisdictional bar to plaintiff's section 1983 action against Georgia county judicial circuit, several judges, and county's child support services, alleging due process violations related to state court

Page 2 - FINDINGS & RECOMMENDATION

proceedings regarding his child custody arrangement, because action was "an explicit attempt to use the federal courts to overturn the Georgia State courts' decisions"); Doe v. Pryor, 344 F.3d 1282, 1286 (11th Cir. 2003) (observing that Rooker–Feldman would preclude federal judicial review of state-court custody determination); Liedel v. Juv. Ct. of Madison Cnty., Ala., 891 F.2d 1542, 1545 (11th Cir. 1990) (dismissing complaint for lack of jurisdiction under Rooker–Feldman where parents dissatisfied with state court's child custody determinations brought section 1983 suit seeking injunctive relief against Department of Human Resources and Juvenile Court, because relief requested "would effectively nullify those state orders"); Staley v. Ledbetter, 837 F.2d 1016, 1017 (11th Cir. 1988) (holding that Rooker–Feldman deprived district court of jurisdiction over plaintiff's section 1983 claim in which she requested reinstatement of parental custody based on alleged violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment, because plaintiff "in essence sought to reverse a state court's child custody determination"). Even if plaintiff is merely asserting that the district attorneys garnished an amount in excess of his support obligations or an amount allowed by law, such an assertion would challenge the State court's orders to garnish his wages and benefits which would still run afoul of Rooker-Feldman. Accordingly, the court should dismiss this action with prejudice as it is clear that an amendment will not resolve the jurisdictional deficiencies.

    This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections

Page 3 - FINDINGS & RECOMMENDATION

to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 17 day of July, 2014.

THOMAS M. COFFIN
United States Magistrate Judge

Page 4 - FINDINGS & RECOMMENDATION